1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11 | ERIC WICKLIFFE,                )        NO. CV 16-4429-GHK(E)
                                    )
12 |         Petitioner,             )
                                    )
13 |     v.                          )        ORDER OF DISMISSAL
                                    )
14 | ERIC ARNOLD (Warden),           )
                                    )
15 |         Respondent.             )
   | _____)

16
17

18     Petitioner filed a "Petition for Writ of Habeas Corpus by a
19 Person in State Custody" on June 20, 2016. The Petition challenges
20 the continuing validity of the life sentence Petitioner received from
21 the Los Angeles Superior Court in 1990 (See Memorandum of Points and
22 Authorities included with Petition). Petitioner previously challenged
23 this same sentence in a prior habeas corpus petition filed in this
24 Court. See Wickliffe v. Duncan, CV 01-10926-RT(RC). On April 25,
25 2002, this Court entered Judgment in Wickliffe v. Duncan, CV 01-10926-
26 RT(RC), denying and dismissing the prior petition with prejudice as
27 untimely.
28 ///

1    The Court must dismiss the present Petition in accordance with
2 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
3 Effective Death Penalty Act of 1996"). Section 2244(b) requires that
4 a petitioner seeking to file a "second or successive" habeas petition
5 first obtain authorization from the Court of Appeals. See Burton v.
6 Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive
7 authorization from Court of Appeals before filing second or successive
8 petition, "the District Court was without jurisdiction to entertain
9 [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.
10 2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
11 requires the permission of the court of appeals before 'a second or
12 successive habeas application under § 2254' may be commenced"). A
13 petition need not be repetitive to be "second or successive," within
14 the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v.
15 Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965
16 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal.
17 Mar. 6, 2008). The dismissal of a habeas petition as untimely
18 "constitutes an adjudication on the merits that renders future
19 petitions under § 2254 challenging the same conviction 'second or
20 successive' petitions under § 2244(b)." McNabb v. Yates, 576 F.3d
21 1028, 1030 (9th Cir. 2009). Petitioner evidently has not yet obtained
22 authorization from the Ninth Circuit Court of Appeals.[1] Consequently,
23 this Court cannot entertain the present Petition. See Burton v.

---

[1] The docket for the United States Court of Appeals for the Ninth Circuit, available on the Pacer database on www.pacer.gov does not reflect that anyone named Eric Wickliffe has received authorization to file a second or successive petition. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

2

Stewart, 549 U.S. at 157; see also Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

For all of the foregoing reasons,[2] the Petition is denied and dismissed without prejudice.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 24, 2016.

_____
                    GEORGE H. KING
              UNITED STATES DISTRICT JUDGE

PRESENTED this 22nd day of June, 2016, by:

        /S/
    CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent Petitioner seeks to challenge the constitutionality of his denial of parole, as distinguished from the constitutionality of his life sentence, Petitioner fails to raise any cognizable federal issue. See Swarthout v. Cooke, 562 U.S. 216 (2011).

[3] Ninth Circuit Rule 22-3(a) provides that "if a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Assuming arguendo that the conflict between 28 U.S.C. section 2244(b) and Rule 22-3(a) does not invalidate the latter, dismissal rather than "reference" still would be appropriate herein. It is apparent that Petitioner submitted the present Petition to this Court intentionally rather than mistakenly.